Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DAVID L. WILLIAMS,
    Plaintiff,

v.       No.

CONSUMER PORTFOLIO SERVICES, INC.,
    Defendant.      JURY TRIAL DEMANDED

### COMPLAINT

NOW COMES the Plaintiff, DAVID L. WILLIAMS, by and through his attorney, AMY L. BENNECOFF, ESQUIRE, for his complaint against the Defendant, CONSUMER PORTFOLIO SERVICES, INC., Plaintiff states as follows:

### I.   JURISDICTION & VENUE

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business within the State of New Jersey and therefore, personal jurisdiction is established.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## II.   PARTIES

6. DAVID L. WILLIAMS, (hereinafter, "Plaintiff") is an individual who was at all relevant times a resident of Maplewood, New Jersey with a Post Office address in Vauxhall, NJ.

7. CONSUMER PORTFOLIO SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debts with a business address located at 19500 Jamboree Road, Irvine, CA 92612.

8. At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

## III.   PRELIMINARY STATEMENT

10. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that

violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

PLAINTIFF'S COMPLAINT

13. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## IV. **ALLEGATIONS**

14. At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to a third party.

15. The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

16. Beginning on or around September 1, 2009, Defendant, its agents, employees, and servants, engaged in debt collection activities seeking payment from Plaintiff by contacting him at his home phone number, cell phone and at his place of employment, in an attempt to collect the alleged debt.

17. Defendant's calls were made to telephone numbers (973) 372-2454, (973) 444-7548 and (908) 981-7230.

18. Defendant, by and through its employees, harassed Plaintiff by calling him repeatedly at home, on his cell phone and at his job, in an attempt to collect on an alleged debt.

19. Defendant, by and through its employees identified as "Willie", "Anthony", "Kevin Crawford", "Miss Ortiz" and "Richard Silva", each of which harassed the Plaintiff by calling him in an attempt to collect the alleged debt.

20. Plaintiff received phone calls and text messages from Defendant on a number of occasions including but not limited to, December 28, 2009 and on December 29, 2009 from the

following phone numbers; (407) 551-6400, (800) 817-0263, (888) 829-2336 and (888) 294-3102. The undersigned has confirmed that all of these numbers belong to defendant.

21. At times, Defendant would contact Plaintiff four (4) to six (6) times a day.

22. Plaintiff told Defendant to stop contacting him; however, Defendant ignored Plaintiff's instructions and continued to contact him.

23. Plaintiff at all times has disputed owing this debt.

24. This did not deter Defendant, instead Defendant began contacting Plaintiff's mother seeking information on Plaintiff.

25. Plaintiff's mother told Defendant to stop calling her; however, Defendant disregarded her instructions.

26. Plaintiff does not reside with his mother.

27. Defendant threatened to garnish Plaintiff's wages for not paying this alleged debt.

28. On at least one occasion, Defendant used false, misleading and deceptive means in connection with the collection of an alleged debt.

29. On at least one occasion, Defendant's employees and agents discussed the alleged debt with various third parties, including but not limited to Plaintiff's Mother.

30. Defendant has reported this alleged debt as unpaid to a credit bureau and it appears on Plaintiffs' credit report.

31. Defendant continues to attempt to collect on the alleged debt.

### V. CONSTRUCTION OF APPLICABLE LAW

32. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer

need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

33. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

34. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects

collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

**COUNT I**
***(Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.)***

35. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Defendant violated the FDCPA §1692b and §1692c(b), when it contacted third parties for purposes other than obtaining location information for Plaintiff;

   b. Defendant violated the FDCPA §1692b(2) and §1692c(b), when it disclosed the existence of a debt to third parties owed by Plaintiff;

   c. Defendant violated the FDCPA §1692c(a)(3), when it communicated with the Plaintiff at his place of employment and knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication;

   d. Defendant violated FDCPA §1692d, when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   e. Defendant violated the FDCPA §1692d(1), when it used or threatened to use violence or other criminal means to harm the physical person, reputation or property of the Plaintiff, in connection with the collection of an alleged debt;

   f. Defendant violated the FDCPA §1692d(2), when it used obscene or profane language in connection with collecting a debt;

   g. Defendant violated the FDCPA §1692d(5), when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

   h. Defendant violated the FDCPA §1692e, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

   i. Defendant violated the FDCPA §1692e(2), when it falsely represented the character, amount or legal status of the alleged debt;

PLAINTIFF'S COMPLAINT

j. The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of the FDCPA §1692e(4);

k. The threat to take any action that cannot legally be taken or that is not intended to be taken in violation of the FDCPA §1692e(5);

l. Defendant violated the FDCPA §1692e(7), when it implied that the Plaintiff committed any crime or other conduct in order to disgrace the Plaintiff;

m. Defendant violated the FDCPA §1692e(8), when it threatened to communicate Plaintiff's credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed;

n. Defendant violated the FDCPA §1692e(10), when on its own or through its agents and assigns, used false representation or deceptive means to collect the debt;

o. Defendant violated the FDCPA §1692e(11), when it failed to disclose that debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

p. Defendant violated the FDCPA §1692f, through its agents and employees, by using unfair and deceptive means to collect a debt;

q. Defendant violated the FDCPA §1692f(1), for adding fees, charges and expenses not expressly authorized by an agreement with Plaintiff;

r. Defendant violated the FDCPA §1692g, §1692g(a), when it failed to validate the debt within 5 days after the initial communication send the Plaintiff written notice containing the amount of debt, name of creditor, etc.; and

s. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

## VI.     JURY DEMAND

36.     Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

## VII. CERTIFICATION PURSUANT TO L. CIV. R. 11.2

37. I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVID L. WILLIAMS, by and through his attorney, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00 for each violation;

    c. Plaintiff's attorneys' fees and costs; and

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

KIMMEL & SIVERMAN, P.C

Date: May 14, 2010

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Attorney ID # AB0891
Kimmel & Silverman, P.C.
1930 E. Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Phone: (856) 429-8334
Fax: (856) 216-7344
Email: abennecoff@creditlaw.com

PLAINTIFF'S COMPLAINT